IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JLB REALTY, LLC<br>909 Lake Carolyn Parkway, Suite 960<br>Irving, Texas 75039<br><br>        Plaintiff,<br>v.<br><br>CAPITAL DEVELOPMENT, LLC<br>3925 Beech Avenue<br>Baltimore, Maryland 21211<br><br>        Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff JLB Realty, LLC ("Plaintiff" or "JLB"), through its attorneys, files this action against Defendant Capital Development, LLC ("Defendant" or "Capital Development") and for its complaint alleges as follows:

### Parties

1. Plaintiff is a limited liability company organized under Texas law with a principal place of business at 909 Lake Carolyn Parkway in Irving, Texas.

2. Defendant is a limited liability company organized under Maryland law with a principal place of business at 3925 Beech Avenue in Baltimore, Maryland.

### Jurisdiction & Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). An actual controversy exists, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4.     Venue in this Court is proper under 28 U.S.C. § 1391(a) because Defendant is resident in Maryland and a substantial part of the events or omissions giving rise to this claim occurred in Maryland.

## Factual Background

5.     Plaintiff is a real estate development company engaged in the business of identifying, acquiring, designing, constructing, and managing multi-family, mixed use and general real estate assets.

6.     On June 21, 2008, Plaintiff and Defendant entered into a Contract of Sale (the "Contract") for the purchase by Plaintiff of approximately 7.38 acres of real property in the Washington Hill neighborhood of Baltimore City (the "Property"). A true and correct copy of the Contract is attached as Exhibit 1.

7.     Under the Contract and a subsequent First Amendment thereto (the "First Amendment"), the sale was subject to various terms and conditions being satisfied.

8.     Under the Contract and the First Amendment, if various terms and conditions were not satisfied or if various events or actions did not occur by specified times, then Plaintiff had the right to terminate the Contract and to have the Earnest Money (as hereinafter defined) returned to Plaintiff.

9.     The Contract contemplated that Plaintiff would be able to develop and construct on the Property not less than Four Hundred Forty-Four (444) residential units and not less than 10,000 square feet of retail space.

10.    The Property is subject to a development agreement between the Mayor and City Council of Baltimore and Chapel Housing Partnership dated August 12, 1972 and recorded in the land records of Baltimore City at Liber 2947, folio 747 (the "LDA"). The LDA

encumbers the Property and restricts the development of the Property to limit the number of residential units that could be constructed on the Property to an amount below that required under the Contract.

11. On August 21, 2008, Plaintiff and Defendant entered into the First Amendment to the Contract. A true and correct copy of the First Amendment is attached as Exhibit 2.

12. In the First Amendment, the parties agreed that Defendant must secure the release of the Property from the LDA and that, if Defendant failed to secure and record in the land records such a release by a specified time, then Plaintiff had the right to terminate the Contract at any time before such a release was executed and recorded in land records, in which event the Earnest Money was to be returned to Plaintiff. In Section 2 of the First Amendment, the parties expressly stated:

> If the Release has not been executed and recorded within 45 days following the date of this Amendment, Purchaser shall be entitled to terminate the Contract by written notice to Seller at any time before the release has been executed and recorded, in which event, the Earnest Money shall be returned to Purchaser.

13. Defendant failed to obtain the execution or recordation of a release of the Property from the LDA within the 45-day time period running from August 21, 2008, as set forth in Section 2 of the First Amendment.

14. On February 16, 2009, Defendant still had not obtained execution or recordation of a release of the Property from the LDA.

15. Upon information and belief, as of the date of the filing of this complaint, Defendant still has not obtained execution or recordation of a release of the Property from the LDA.

16. On February 16, 2009, Plaintiff had the right to terminate the Contract.

17. On February 16, 2009, Plaintiff terminated the Contract.

18. In a February 16, 2009 letter by Plaintiff's counsel, Plaintiff advised Defendant that the Contract was terminated:

> This letter is written on behalf and at the request of the Purchaser in order to notify you that because the Release described in Section 2 of the First Amendment has not been obtained or recorded as required by the First Amendment, Purchaser has elected to and does hereby terminate the Contract pursuant to the provisions of Section 2 of the First Amendment. By copy of this letter to Stewart Title Guaranty Company (the "Title Company") and in accordance with Section 2 of the First Amendment, the Title Company is hereby instructed to return the Earnest Money deposit, and all interest earned thereon, to Purchaser, except that the sum of $50.00 should be paid to the Seller as independent consideration as provided in the Contract. Please do not hesitate to contact the undersigned in the event you have any questions with regard to this matter.

A true and accurate copy of the February 16, 2009 letter is attached as Exhibit 3.

19. When the Contract was terminated, Plaintiff was contractually entitled to receive a return of the Earnest Money. *See* First Amendment at Section 2 ("the Earnest Money shall be returned to Purchaser").

20. As of the date of the filing of this complaint, Stewart Title Guaranty Company ("Stewart Title") holds all of the Earnest Money deposited by Plaintiff, plus any interest earned thereon. The Earnest Money deposited by Plaintiff totals One Million Dollars ($1,000,000.00), plus any interest earned thereon.

21. Plaintiff is entitled to the return of the One Million Dollars in Earnest Money, plus any interest earned thereon and excepting $50.00 that should be paid to Defendant as specified in the Contract. Such net sum shall be referenced at times herein as the "Earnest Money."

22. Plaintiff has requested that Stewart Title return the Earnest Money to Plaintiff.

23. Defendant sent a letter dated February 17, 2009 to Mr. Joseph Blume of Stewart Title and to Mr. Howard Perlow of Commercial Settlement Services ("CSS").[1] A true and accurate copy of the February 17, 2009 letter authored by Capital Development's David Holmes is attached as Exhibit 4. In the February 17, 2009 letter, Defendant acknowledged that Plaintiff had terminated the Contract.

24. Notwithstanding acknowledgement of termination of the Contract and notwithstanding Defendant's express agreement in Section 2 of the First Amendment that the Earnest Money shall be returned to Plaintiff, in the February 17, 2009 letter, Defendant wrongfully requested that Stewart Title and CSS not return the Earnest Money to Plaintiff.

25. As a result of the wrongful request by Defendant, neither Stewart Title nor CSS returned the Earnest Money to Plaintiff. Stewart Title now awaits an adjudication of the rights of Plaintiff and Defendant in connection with the Earnest Money.

26. Defendant continues its wrongful conduct and continues its wrongful request that the Earnest Money not be returned to Plaintiff.

27. As a result, Plaintiff brings this action.

## COUNT I
(Declaratory Judgment)

28. Plaintiff incorporates paragraphs 1-27 by reference as if fully alleged here.

---

[1] CSS held Five Hundred Thousand Dollars ($500.000.00) of the Earnest Money until March 11, 2009. On that date, those Earnest Money funds were transferred to Stewart Title.

29. As a result of the circumstances and actions described above, an actual controversy and justiciable issues exist with respect to the parties' rights and interests under the Contract and to the return of the Earnest Money to Plaintiff.

30. A declaratory judgment that clarifies and determines the parties' rights will serve to help terminate the controversy and the issues.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

(i) declaring that Plaintiff is entitled to the immediate return of the Earnest Money; and

(ii) granting such further declaration and such further relief as may be determined appropriate during the course of these proceedings.

## COUNT II
(Breach of Contract)

31. Plaintiff incorporates paragraphs 1-27 by reference as if fully alleged here.

32. Plaintiff and Defendant entered into contract arrangements under which Defendant agreed that Plaintiff would be entitled to the return of the Earnest Money if Defendant failed to perform certain obligations.

33. Defendant failed to obtain the execution and recordation of a release of the LDA within the 45-day period running from August 21, 2008, as provided for in Section 2 of the First Amendment. As a result, Plaintiff had the right to terminate the Contract on February 16, 2009 and terminated the Contract.

34. Plaintiff is entitled to the return of the Earnest Money.

35. Defendant's wrongful conduct and wrongful request that Stewart Title and CSS not return the Earnest Money to Plaintiff constitute a material breach of Defendant's obligations and agreements under the Contract, including the duty of good faith.

36. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damage and harm that includes the failure to have the Earnest Money promptly returned.

37. Defendant is liable to Plaintiff for the damage and harm caused.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant that:

(i) states Plaintiff is entitled to the return of the Earnest Money, and that directs Defendant to so inform Stewart Title and CSS and to cooperate in the return of the funds to Plaintiff; and

(ii) granting such further judgment against Defendant and in favor of Plaintiff as may be determined appropriate during the course of these proceedings, including an award of costs and other expenses incurred.

Dated: March 12, 2009

John T. Prisbe (Federal Bar No. 04669)
Gregory T. Wasylak (Federal Bar No. 26966)
Venable LLP
750 E. Pratt Street, Suite. 900
Baltimore, Maryland 21202
(410) 244-7400 (telephone)
(410) 244-7742 (facsimile)
jtprisbe@venable.com
gtwasylak@venable.com

Attorneys for Plaintiff JLB Realty, LLC